RE: DUAL OFFICE HOLDING
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF NOVEMBER 2, 1988 REGARDING THE ABILITY OF A MUNICIPALITY TO PERMIT A MEMBER OF ITS MUNICIPAL POLICE DEPARTMENT TO ALSO SERVE AS THE MUNICIPAL COURT CLERK, AND WHETHER SUCH AN ACTION WOULD BE VIOLATIVE OF ANY OKLAHOMA LAW.
AS YOU STATE IN YOUR LETTER, THIS SUBJECT MATTER WAS ADDRESSED PREVIOUSLY IN SEPTEMBER OF THIS YEAR IN SEPARATE LETTERS ADDRESSED TO YOU AND REPRESENTATIVE ZIMMERMAN. AT THAT TIME, IT WAS INFORMALLY ADVISED THAT OKLAHOMA LAW DID NOT APPEAR TO CONTAIN ANY SUCH MANDATORY PER SE PROHIBITION. THE KEY IS WHETHER THE MUNICIPALITY HAS A MUNICIPAL ORDINANCE (OR CHARTER PROVISION, IN THE CASE OF A CHARTER MUNICIPALITY) WHICH WOULD PERMIT DUAL OFFICE HOLDING OF CITY OFFICES. YOU NOW ASK FOR A FOLLOW-UP LETTER ENLARGING UPON THE QUESTION AS IT SPECIFICALLY RELATES TO THE ACTIONS OF A MUNICIPAL COURT CLERK IN CON UNCTION WITH THE STATE AND MUNICIPAL TRAFFIC BAIL BOND PROCEDURE ACT, 22 O.S. 1115 (1987), ET SEQ.
IN GENERAL, DUAL OFFICE HOLDING IS PROHIBITED IN OKLAHOMA. 51 O.S. 6 (1987). IT WAS ADVISED SEVERAL YEARS AGO THAT THIS STATUTORY PROVISION APPLIED TO MUNICIPAL POLICE OFFICERS. OKL. A.G. OP. NO. 77-180. HOWEVER, THERE ALSO APPEARS ON THE STATUTE BOOKS AN EXCEPTION TO THAT GENERAL RULE WITH REFERENCE TO MUNICIPALITIES. TITLE 11 O.S. 8-106 (1987) STATES, IN PERTINENT PART:
 "A PERSON MAY HOLD MORE THAN ONE OFFICE OR POSITION IN A MUNICIPAL GOVERNMENT AS THE GOVERNING BODY MAY ORDAIN."
IN OKL. A G. OP. NO. 81-031, IT WAS ADVISED THAT IF A CITY HAS EITHER A CHARTER PROVISION OR MUNICIPAL ORDINANCE APPROVING OF MUNICIPAL DUAL OFFICE HOLDING, THEN SUCH ACTIVITIES ARE AUTHORIZED BY LAW TO THE EXTENT OF THE BREADTH OF THE PROVISION IN QUESTION.
TITLE 11 O.S. 34-101 (1981) PROVIDES THAT MUNICIPAL POLICE OFFICERS HAVE THE POWER TO MAKE OR ORDER AN ARREST FOR ANY OFFENSE AGAINST THE LAWS OF THE STATE OR OF THE ORDINANCES OF THE MUNICIPALITY. IT FURTHER PROVIDES THAT SUCH OFFICERS "SHALL HAVE SUCH OTHER POWERS, DUTIES AND FUNCTIONS AS MAY BE PRESCRIBED BY LAW OR ORDINANCE." WHILE CITIES HAVING PAID FIRE DEPARTMENTS MAY NOT HAVE A SINGLE PERSON ACTING IN THE CAPACITY OF BOTH FIRE CHIEF AND POLICE CHIEF, 11 O.S. 29-102 (1981), NO SIMILAR PROVISION APPEARS IN THE STATUTES REGULATING THE ACTIVITIES OF ORDINARY POLICE OFFICERS AS TO DUAL OFFICE HOLDING.
IN MUNICIPALITIES OF LESS THAN 200,000 IN POPULATION, WHICH IS MY UNDERSTANDING OF THE SIZE OF THE CITY OF YOUR CONCERN, TITLE 11 PROVIDES THAT THE MUNICIPAL CLERK OF THE CITY, OR A DEPUTY ASSIGNED BY THAT PERSON, IS DEEMED TO BE EX OFFICIO THE CLERK OF THE MUNICIPAL COURT. 11 O.S. 27-109 (1981). UNDER A PURE STATUTORY CITY, THEREFORE, A LOCAL POLICE OFFICER COULD NOT BE THE COURT CLERK UNDER THESE LAWS UNLESS HE OR SHE WAS ALSO THE CITY CLERK, OR A DEPUTY CITY CLERK. I NOTE THAT THE MATERIALS THAT YOU HAVE TRANSMITTED TO ME FOR REVIEW SEEM TO INDICATE THAT THE CITY IN QUESTION HAS EITHER A CHARTER PROVISION OR AN ORDINANCE MIRRORING THIS LANGUAGE.
A STATUTORY CITY'S CLERK IS DECLARED TO HAVE THE FOLLOWING DUTIES, UNDER 11 O.S. 27-109:
 "1. ASSIST THE JUDGE IN RECORDING THE PROCEEDINGS OF THE COURT, PREPARATION OF WRITS, PROCESSES, OR OTHER PAPERS;
 2. ADMINISTER OATHS REQUIRED IN JUDICIAL OR OTHER PROCEEDINGS BEFORE THE COURT;
 3. BE RESPONSIBLE FOR THE ENTRY OF ALL PLEADINGS, PROCESSES, AND PROCEEDINGS IN THE DOCKETS OF THE COURT;
 4. PERFORM SUCH OTHER CLERICAL DUTIES IN RELATION TO THE PROCEEDINGS OF THE COURT AS THE JUDGE SHALL DIRECT; AND
 5. RECEIVE AND GIVE RECEIPT FOR AND DISBURSE OR DELIVER TO THE MUNICIPAL TREASURER ALL FINES, FORFEITURES, FEES, DEPOSITS, AND SUMS OF MONEY PROPERLY PAYABLE TO THE MUNICIPAL COURT. SUCH FUNDS AND SUMS OF MONEY WHILE IN THE CUSTODY OF THE CLERK SHALL BE DEPOSITED AND DISBURSED UPON VOUCHERS AS DIRECTED BY THE MUNICIPAL GOVERNING BODY.
ID.
THE COURT CLERK IS REQUIRED TO BE BONDED IN AN AMOUNT TO BE SET BY THE GOVERNING BODY OF THE MUNICIPALITY, AND HAS AN OBLIGATION TO FORWARD TO THE MUNICIPAL TREASURER ALL FEES, FINES AND FORFEITURES COMING INTO THE COURT. 11 O.S. 27-111 (1981); 11 O.S. 27-112 (1987). A FULL REVIEW OF THE STATUTORY DUTIES THAT MIGHT BE REQUIRED OF THE MUNICIPAL COURT CLERK INDICATES THAT THEY ARE LARGELY, IF NOT WHOLLY, MINISTERIAL IN NATURE. MY REVIEW OF THE MATERIALS THAT YOU TRANSMITTED INDICATES THAT THE MUNICIPAL ORDINANCES IN QUESTION TRACK THE STATUTORY LANGUAGE REFERRED TO ABOVE VERY CLOSELY.
THE STATE AND MUNICIPAL TRAFFIC BAIL BOND ACT, 22 O.S. 1115, ET SEQ., WAS ADOPTED INTO LAW BY THE 1986 LEGISLATURE. IT REVAMPS THE STATUTORY PROVISIONS REGARDING THE ACCEPTANCE OF BAIL FOR TRAFFIC OFFENSES. WITHOUT GOING INTO GREAT DETAIL REGARDING THE ACT, IT PROVIDES FOR A UNIFORM SYSTEM OF HANDLING ARRESTS AND APPEARANCES IN COURT STEMMING FROM MISDEMEANOR TRAFFIC VIOLATIONS. 22 O.S. 1115.1(D) STATES THAT A DEFENDANT RELEASED UPON PERSONAL RECOGNIZANCE MAY ELECT TO ENTER A PLEA OF GUILTY OR NOLO CONTENDERE AT ANY TIME BEFORE HE IS REQUIRED TO APPEAR FOR ARRAIGNMENT BY INDICATING THAT FACT ON THE COPY OF THE CITATION ISSUED TO HIM, OR A COPY THEREOF, AND THE PAYMENT OF WHATEVER FINE AND COSTS ARE INVOLVED IN THE MATTER. SUBSECTION (D) STATES, IN PERTINENT PART:
 "THE DEFENDANT SHALL BE RESPONSIBLE FOR ASSURING FULL PAYMENT OF THE FINE AND COSTS TO THE APPROPRIATE COURT CLERK."
EXCEPT WITH REFERENCE TO THE EXCEPTION FOUND IN 22 O.S. 1115.2(C)(1)(A) (1987), THE ACT ENVISIONS THAT IT IS THE DUTY AND OBLIGATION OF THE DEFENDANT TO INSURE THAT ANY FINE PAYMENT BE RECEIVED BY THE APPROPRIATE COURT CLERK. YOU INQUIRE, IN THIS VEIN, WHETHER IT IS POSSIBLE FOR THE POLICE OFFICER WHO WOULD ACT AS THE COURT CLERK TO ACCEPT THESE PLEAS AND FINE PAYMENTS, IN LIGHT OF THE PERCEIVED INTENT THAT THE OFFICER MAKING THE ARREST IN SUCH CASES NOT NORMALLY BE RESPONSIBLE FOR HANDLING THESE PLEAS AND FINE PAYMENTS.
WHETHER OR NOT IT WOULD BE APPROPRIATE FOR THE OFFICER IN QUESTION TO ACCEPT A FINE PAYMENT WOULD DEPEND UPON THE CIRCUMSTANCES IN QUESTION. IF, FOR EXAMPLE, THE OFFICER HAD NOTHING TO DO WITH THE INITIAL ARREST, HIS OR HER RECEIPT OF A TENDERED FINE PAYMENT THROUGH THE MAIL, AT THE COURTHOUSE WHILE ACTING AS THE COURT CLERK, WOULD NOT BE A PER SE PROBLEM. IN ANOTHER SITUATION, HOWEVER, SUCH AS IF THE OFFICER IN QUESTION WAS IN THE FIELD, MADE AN ARREST, AND WAS CONFRONTED WITH A DEFENDANT WHO DESIRED TO MAKE A FINE PAYMENT AT THAT TIME AND PLACE, I DO NOT THINK THAT THE ACT ENVISIONS THAT SUCH AN ACCOMMODATION.
THE ACT GOES ON TO ESTABLISH A UNIFORM PROCEDURE FOR DEALING WITH INDIVIDUALS WHO DO NOT HONOR THEIR OBLIGATIONS UNDER THE ACT, AND SETS FORTH A NUMBER OF RECORD KEEPING OR NOTIFICATION DUTIES OF THE COURT CLERK RELATIVE THERETO. HOWEVER, THESE DUTIES, LIKE THE ONES SET OUT IN DETAIL ABOVE, ARE REALLY MINISTERIAL IN NATURE, AND DO NOT IMPACT DIRECTLY UPON A LAW ENFORCEMENT FUNCTION AS A POLICE OFFICER.
IN SHORT, WHILE THERE ARE NO DOUBT SOME VERY LEGITIMATE PUBLIC POLICY QUESTIONS THAT CAN BE RAISED ABOUT A FORMAT WHEREIN A MUNICIPAL POLICE OFFICER ALSO ACTS AS THE MUNICIPAL COURT CLERK, I CAN FIND NO PER SE STATUTORY IMPEDIMENT TO SUCH A FORMAT, IF THE CITY IN QUESTION HAS A CHARTER PROVISION THAT AUTHORIZES SUCH A DUAL OFFICE HOLDING FUNCTION, OR, IN THE INSTANCE OF A STATUTORY MUNICIPALITY, IF THERE IS AN AUTHORIZING ORDINANCE, AND IF THE PERSON IN QUESTION IS ALSO A DEPUTY CITY CLERK. IT MIGHT WELL BE POSSIBLE FOR A POLICE OFFICER TO HAVE A CONFLICT IN FACT DUE TO THE PARTICULAR CIRCUMSTANCES THAT MIGHT BE PRESENT IN ANY GIVEN CASE. HOWEVER, THAT IS A DIFFERENT SITUATION FROM THERE EXISTING A PER SE CONFLICT OF INTEREST, AND A SITUATION THAT WOULD HAVE TO BE REVIEWED ON THE MERITS OF THAT INDIVIDUAL SET OF FACTS.
(MICHAEL SCOTT FERN)